OPINION OF THE COURT
Memorandum.
Plaintiff commenced the instant suit against the defendant Metropolitan Life Insurance Company CMetLife) to recover the sum of $1,823 for the cost of a special visual therapy teacher for his daughter. The defendant denied coverage on the ground that the special visual therapy teacher was not a "Provider” as that term was defined in the Í992 amendment to the certificate of insurance. For the reasons set forth herein, we affirm the judgment in favor of plaintiff.
The defendant’s daughter suffers from cortical visual impairment. It is undisputed that the only method of treatment of this medical condition is visual therapy, and that the therapy treatment required is provided only by a special education teacher licensed by the Board of Education as a certified teacher for the blind. Plaintiff alleged that although he requested a list of covered or participating providers who could provide the required services, MetLife never responded to his inquiry. Defendant has not controverted this allegation. The court below therefore properly determined that "the services medically required by claimant’s daughter can only be provided by a special education teacher who is specially trained to provide those visual therapy services” (Saxe v Metropolitan Life Ins. Co., 162 Misc 2d 513, 516) and that "[defendant cannot supply a Provider because one does not exist who would be covered by defendant’s definition” (supra, at 515-516). The New York State Insurance Department Regulations part 52 (11 NYCRR part 52), entitled "Minimum Standards for Form, Content and Sale of Health Insurance, including Standards of Full and Fair Disclosure,” provide, in pertinent part, as follows: "No policy shall limit or exclude coverage by type of illness, accident, treatment or medical condition * * * [other *365 than for certain enumerated exclusions]” (11 NYCRR 52.16 [c]). The defendant’s certificate of insurance contains an express acknowledgment by its president and chief executive officer that: "The insurance evidenced by this certificate meets the minimum standards for medical insurance as defined by the New York State Insurance Department”. The medical condition of plaintiffs daughter does not fall under the exclusions enumerated in the regulations. Nor is the condition expressly excluded from coverage under section IV of defendant’s certificate of insurance entitled "Exclusions.” The court below observed that "defendant insurer has never said that medically necessary expenses required for the treatment of cortical visual impairment are excluded from the policy”, and that "defendant has alluded to the fact that it would pay the claimant, if the services were provided by one who could be identified as a Provider” (Saxe v Metropolitan Life Ins. Co., supra, at 516). Under these circumstances the defendant’s 1992 amendment which effectively precludes coverage for the only known therapy for plaintiffs, daughter, improperly excludes coverage based on a "medical condition” in violation of 11 NYCRR 52.16 (c), by which defendant is bound.
We have examined the defendant’s remaining contentions and find them to be without merit.
Collins, J. P. and Ingrassia, J., concur; Luciano, J., taking no part.