National Union Fire Ins. Co. of Pittsburgh, Pa. v Ferrell & Meyers, Inc. (2004 NY Slip Op 50868(U))

[*1]

National Union Fire Ins. Co. of Pittsburgh, Pa. v Ferrell & Meyers, Inc.

2004 NY Slip Op 50868(U)

Decided on August 9, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 9, 2004

Supreme Court, New York County
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,
against
FERRELL & MEYERS, INC., d/b/a HEAVY D & THE BOYZ, DWIGHT MYERS, a/k/a HEAVY D, CITY OF NEW YORK, ET AL, Defendants.
117606/96

Louis B. York, J.
The plaintiff National Union Fire Insurance Co. ("National Union") seeks a declaratory judgment that defendant Ferrell R. Meyers, Inc., d/b/a Heavy D and the Boyz, Dwight Meyers a/k/a Heavy D ("Heavy D") is not entitled to coverage for liability arising from the catastrophic results of the "City College Stampede".
This matter was tried by the Court without a jury. National Union and the defendant submitted a stipulation of agreed facts with agreed to exhibits in evidence. National Union produced no witnesses at trial. Heavy D produced one witness, an insurance broker who offered testimony on the meaning of various provisions in the insurance contract.
Co-defendant, Sean Combs, a/k/a Puff Daddy n/k/a P. Diddy ("Combs") contracted with the City College Evening Student Government to put on a Celebrity Basketball game to take place at the college's Nat Holman Gymnasium. Combs and the Student Government were the sponsors of the event. The Student Government was to provide the facilities while Combs was to provide insurance, twenty celebrities, "promotional materials and the needs of the artists involved [contract, Plaintiff's Exhibit 4]. Heavy D was recruited by Combs to coach one team while Combs was to coach the other. Combs provided the promotional materials for the event such as circulars. Heavy D appeared on a radio station to advertise the event.
A huge crowd appeared for the game. When all could not gain entrance, pushing and shoving ensued, which eventually resulted in a stampede with a number of deaths and injuries. Heavy D and Combs, among others, were sued for the injuries and deaths resulting from the stampede.
Plaintiff National Union provided representation to Heavy D. During the course of the litigation, National Union informed Heavy D in a disclaimer letter (Exhibit 6) that it would not indemnify Heavy D on the ground that self-promotion and a failure to report a concert in advance of the event were items excluded from the insurance policy. This action for declaratory relief is predicated on those exclusions and National Union also advances at trial an additional theory of exclusion, claiming that the relationship between Heavy D and Combs was one of a joint venture. As a result, Combs' unchallenged status as the promoter of the event thereby implicated Heavy D as a promoter also. This last argument was raised in the event that Heavy D was not declared a [*2]promoter of the event in his own right.
The Court finds that Heavy D and Combs cannot be construed as joint venturers.
There is nothing in the record to indicate that the parties conceived of themselves as joint venturers. This was not a theory made known at any time before trial in discovery or motion practice. Nothing of this sought was contained in the disclaimer letter. Nor was it alleged by National Union in the complaint. Neither was there anything to show that the parties' intentions were to form a joint venture. This issue never having been raised prior to trial, cannot be raised now, especially since National Union failed to make a motion to conform the pleadings to the proof during or after trial.
The Court notes that the insurance policy in dispute is a Commercial General Liability Policy. The policy covers bodily injury and property damage for which plaintiff may be liable (Exhibit 5, Section I). Endorsement C limits coverage of the policy to "an entertainer, theatrical manager and/or agent." Further, coverage is not provided for "promoting activities to the extent of contracting with arenas, halls, theaters and other places for theatrical presentations, whereby the business is holding harmless aforesaid facility." (Emphasis mine) Endorsement D excludes concert tours if they are not reported in advance.
There is no question that the policy covers Heavy D as an entertainer under Endorsement C for the personal injuries and loss of life that occurred to those attending the basketball event under Sections 1(a) and (b) of the policy. To deny coverage to Heavy D, plaintiff has the burden of showing that one of the exclusions apply. As to the argument that coverage is excluded because of promotional activities under Endorsement C, Heavy D did not contract for the event, Sean Combs did. Moreover, one could reasonably argue that this was not a theatrical event. The cases generally interpret such ambiguous exclusions strictly against an insurance company because of its authorship of the policy (Sate v Metropolitan Life Insurance Co., 162 Misc2d 513, 618 NYS2d 180 [Civ Ct NY Cty 1994], affd 169 Misc2d 363, 650 NYS2d 66 [App Term 2nd Dept 1996]; see, also, State v Blank, 273 F3d 783, 788 [2nd Cir 1994]).
This was neither a concert nor was it a tour. A concert as defined by the American Heritage College Dictionary (3rd Ed. 2000) "is a performance given by one or more singers or instrumentalists or both." There is no evidence that anyone sang or played any musical instrument. Also this was not any kind of tour but a single event. Therefore, this exclusion does not apply. Neither does the exclusion under the binder excluding self-promotion apply. The plaintiff has not come forward with any evidence that Heavy D promoted himself. The Court interprets his radio interview as advertising the concert, which is far different than promoting himself. Accordingly, it is
DECREED and ADJUDGED that National Union Fire Insurance Co. of Pittsburgh, Pa. is obligated to indemnify Ferrell & Meyers, Inc., d/b/a Heavy D and the Boyz, Dwight Meyers, a/k/a Heavy D with respect to the personal injury and wrongful death actions against them in connection with a stampede outside of a celebrity basketball game held on December 28, 1991 at City College of the City of New York. The parties may retrieve their exhibits within 30 days.

Dated: August 9, 2004
_______________________
[*3]
Louis B. York, J.S.C.